Martin, J.
This action was originally commenced and tried in a justice’s court. A verdict was rendered in favor of the plaintiff for $40, and a judgment was entered thereon for $40 damages and $5 costs. From this judgment an appeal was taken to the Oneida county court, where the judgment of the justice was affirmed, with costs, and the defendant has appealed to this court from the judgment of the county court. The action was to recover the sum of $40 claimed to be due the plaintiff for services rendered by himself and wife for the defendant. The services were rendered in pursuance of an alleged agreement by which the plaintiff and his wife were to work for the defendant for the period of eight months from March 8, 1886, if the parties should agree, and that at any time when they did not agree the contract could be terminated by either party. The plaintiff was to have $20 per month, and his wife $2.50 per week. The defense set up in the defendant’s answer was that the agreement made was that the plaintiff and his wife should work for the period of eight months for O. L. Babcock, the defendant’s son, at the prices above named; that the plaintiff failed to perform the agreement upon his part, and without cause left the service of said O. L. Babcock; that by such failure to perform the said agreement O. L. Babcock had a good cause of action against the defendant for the breach of such agreement, and also that he had a good cause of action against the plaintiff for an assault committed upon him by the plaintiff; that on June 28, 1886, all of said matters were settled by and between the parties; and that in and by such settlement the plaintiff was fully paid and satisfied for such services.
On the trial, after the plaintiff had testified in his own behalf as to the agreement, the labor performed by.him and his wife, and the occasion for his leaving the defendant’s service, the defendant sought to prove by him that he refused to perform the work as directed by C. L. Babcock; that he assaulted him; and that the matters between them were finally settled, including the plaintiff’s claim for services of himself and wife. This evidence was objected to by the plaintiff, on the ground that it was immaterial and incompetent, and excluded by the justice or stricken out by him after it was received. Without discussing separately each of the rulings of the justice, we are of the opinion that the court erred in excluding the evidence offered by the defendant. Moreover, the defendant introduced in evidence the plaintiff’s receipt, which was as follows: “I hereby certify that I and my wife have received full payment of C. L. Babcock for the services rendered him from March 8 until June 28, 1886.” This receipt was in no way explained, and contained quite potent evidence that the plaintiff and his wife were employed to work for O. L. Babcock, and that there had been a settlement between the parties by which the plaintiff’s claim for services had been satisfied. We are of the opinion that the court erred in excluding the evidence by which the defendant sought to show that the plaintiff’s claim had been settled and discharged; that for such error the justice’s judgment should have been reversed, .and that the judgment pf the county court, affirming the judgment of the justice, and the justice’s júdgment, should be reversed. Judgment of the county court'and of the justice reversed, with costs. All concur.